Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
26632 Towne Centre Drive #300
Foothill Ranch, CA 92610
Phone and Fax: (949) 218-2002
avaesq@lakeforestbkoffice.com
Attorney for Trustee
JEFFREY GOLDEN

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>INSHAD EGAP KALLER<br><br>Debtor.<br><br>CHAPTER 7 TRUSTEE JEFFREY GOLDEN, Trustee and Plaintiff<br><br>v.<br><br>MARK KALLER, an individual; ROSE KALLER, an individual | Case No.: 8:23-bk-11467-SC<br><br>Chapter 7<br><br>Adv No.: TO BE ASSIGNED<br><br>**COMPLAINT FOR:**<br>**1. AVOIDANCE OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. Sec. 544 and CA CIVIL CODE 3439 et seq.;**<br>**2. TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. 542;**<br>**3. DETERMINATION OF LIABILITY OF TRANSFEREE ROSE KALLER FOR THE AVOIDED TRANSFER PURSUANT TO 11 U.S.C. Sec. 550; and**<br>**4. PRESERVATION OF THE AVOIDED TRANSFER PURSUANT TO 11 U.S.C. Sec. 551**<br><br>**JUDGE:**<br>HON. SCOTT CLARKSON |

**COMPLAINT**

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE, TO THE UNITED STATES TRUSTEE AND TO ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

TRUSTEE JEFFREY GOLDEN ("Plaintiff") files this Complaint for turnover of a prepetition transfer of the Debtor's assets, or the value so transferred, pursuant to 11 U.S.C. Sec. 544, 542, 550, 551 and California Code of Civil Procedure 3439.

## I.

## JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. Sec. 157 and Sec. 1334 and 11 U.S.C. Sec. 502, and Federal Rule of Bankruptcy Procedure 7001.

2. The instant adversary proceeding is a core proceeding pursuant to 28 U.S.C. Sec. 157(b)(2)(A), (E) and (O) to the extent it seeks turnover of property of the estate, or the value of such property, from another party.

3. Venue lies properly in this judicial district, in that this the Adversary Proceeding arises within Bankruptcy Case <u>In Re: Inshad Egap Caller 11467-SC</u>, as provided in 28 U.S.C. Sec. 1409.

## II.

## STATEMENT OF STANDING

4. The Trustee has standing to prosecute this matter pursuant to bankruptcy Code 11 U.S.C. Sec. 105, 28 U.S.C. Sec. 2201, 11 U.S.C. Sec. 542, 544, 550, 551 and California Civil Code Sec. 3439, and Federal Rule of Bankruptcy Procedure ("FRBP") 7065, as the duly appointed and acting Trustee for the estate under 11 U.S.C. Sec. 704.

## III.

**COMPLAINT**

**APPLICABLE FACTS**

5. This case arises out of the Chapter 7 proceeding of INSHAD EGAP KALLER. ("Inshad Kaller" or "Inshad").

6. Inshad filed a Chapter 7 matter on July 19th, 2023. By the filing of her case, Inshad created an estate composed of all of her property interests and all of her liabilities. 11 U.S.C. Sec. 541.

7. Chapter 7 Trustee Jeffrey Golden was appointed the Interim Trustee of her bankruptcy case on July 19th, 2023. At the initial 341a hearing scheduled for August 23rd, 2023, no one objected to his appointment. As such, he became the permanent Trustee.

8. All of Inshad's rights and interests in property accrued to the benefit of the estate when the petition was filed. There has been no abandonment of these interests by the Trustee. As such, any right maintained by Inshad as of the filing of the petition belongs to the Chapter 7 Trustee.

9. The Trustee also has the right to recover certain assets as allowed by law based upon the date the assets were transferred, and the manner of the transfer, out of Inshad's name or control   Specifically, the Trustee may exercise certain rights available to litigants in California if appropriate.

10. On January 27th, 2012, Inshad married DEFENDANT MARK KALLER. ("Mark") Mark owned two parcels of real property that he brought into the marriage as his separate property. At issue in this matter is only the real property located at 22 Sweet Shade, Irvine, CA 92606 ("Sweet Shade").

11. In 2016, Mark transferred Sweet Shade from his name alone into the names of "MARK TERRY KALLER AND INSHAD EGAP KALLER, HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP." Mark and Inshad

made this transfer for the purpose of acquiring $200,000 from School's First Federal Credit Union. By this transfer Mark represented to the lender and to the world that this Property was owned by Mark and Inshad as community property. Mark and Inshad would refinance again increase the line to $350,000.

12. The Trustee alleges, upon information and belief, that the value of Sweet Shade was $1,100,000 at the time of the transfer, and that Inshad gained a 50% interest in Sweet Shade upon that transfer.

13. From 2016 until 2018, Mark made payments on the note from his income which was a community property asset.

14. In 2018, Mark and Inshad would separate. A California family law dissolution proceeded soon thereafter docketed as 18D004079 ("Dissolution").

15. Prior to May 21, 2021, Inshad had gathered certain creditors who would have claims against her as memorialized on Schedule D, E/F which she would ultimately include in her bankruptcy petition.

16. During the Dissolution, from 2018 until 2021 Mark had alleged and pursued an award of child and spousal support from Inshad. Mark requested, and was granted multiple restraining orders, prohibiting Inshad from entering their marital home, and from disbursing funds from the marital estate.

17. On October 20th, 2020, an appraisal would be created by a James Willard, a California Certified Appraiser, on behalf of Mark and paid for by Mark, which purported to state that the value of Sweet Shade as of October 20th, 2020 was, $1,050,000. This appraisal was utilized for the purpose of asserting that Inshad's interest in Sweet Shade was only 50% of its increased value from four years earlier in 2016, or $25,000.

18. An order from the Dissolution was entered by a stipulated request for entry of judgment on May 7th, 2021.

19. Inshad transferred her interest to Mark on May 21, 2021.

20. Sweet Shade was sold on or around August 22nd, 2022. At the time of the sale, the property was sold for $1,718,112 to an unrelated third party. The net distribution to Mark after sale was $1,262,549.

21. These funds were distributed to Mark individually.

22. Shortly after receipt of these funds, to obfuscate the location of these monies, at least $1,000,000 of these funds were transferred to Mark's mother Rose Anne Kaller.

23. The purpose of this transfer as to allow Mark's mother to buy a house for him and rent it back to him, in order to make it appear as if he had no assets that could be taken from him.

24. Rose Anne Kaller utilized this $1,000,000 to purchase another parcel of real property in Orange County and title it in her name, so as to ensure that none of Inshad's community property creditors could access these funds.

25. The Trustee alleges, on information and belief, that to end the restraining orders and litigation, Inshad stipulated to an entry of judgment which gave Mark the house for insufficient or no consideration.

26. The Trustee alleges that this property was Inshad's only significant asset, the transfer of which resulted in her being unable to satisfy her creditors and to be insolvent.

27. The Trustee alleges that Mark engaged in this transfer intending to deprive Inshad's creditors of any recovery in addition to ending litigation (to a certain extent) with Mark.

28. Alternatively, the Trustee alleges that this transfer, if not intentionally determined to deprive Inshad's creditors, had the effect of depriving her creditors of access to this asset.

## IV.
## FIRST CAUSE OF ACTION
## AVOIDANCE OF A PREFERENTIAL TRANSFER
## 11 U.S.C. Sec. 544(b)(1) and California Civil Code 3439(1)
## (AGAINST ALL DEFENDANTS)

29. Plaintiff reasserts and re-alleges herein all prior statements by this reference.

30. U.S.C. § 544 states, in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.
>
> (b) (1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

31. The Trustee may, under 11 U.S.C. Sec. 544(b)(1), utilize California Law to avoid a transfer of the Debtor's property.

32. The Trustee asserts that the transfer of the Debtor's interest in Sweet Shade on May 21, 2021 should be avoided under California Civil Code Sec. 3439.

33. California Civil Code Sec. 3439 provides:

> "that "a transfer of assets made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer, if the debtor made the

5

**COMPLAINT**

transfer (1) with an actual intent to hinder, delay or defraud any creditor, or (2) without receiving reasonably equivalent value in return, and either (a) was engaged in or about to engage in a business or transaction for which the debtor's assets were unreasonably small, or (b) intended to, or reasonably believed, or reasonably should have believed, that he or she would incur debts beyond his or her ability to pay as they became due."

*Feller v. Petty* (C.D. Cal., Aug. 29, 2024, 18-cv-03460-KS) [pp. 42-43]

34. The Trustee alleges that Mark coerced Inshad into intentionally transferring Sweet Shade to him as part of the stipulation entered in the Dissolution by the California Family Law Court on or around May 7th, 2021.

35. The Trustee alleges that Mark coerced Inshad into intentionally transferring Sweet Shade to him for little or insufficient consideration expressly for the purpose of ensuring that her creditors would not have access to the equity in the property.

36. The Trustee alleges that the use of the appraisal, drafted in October 2020, but utilized to support an order in May 2021, was either purposefully inaccurate, or utilized when the value of Sweet Shade had obviously increased, was undertaken for the purpose of defrauding Inshad's creditors.

37. The Trustee alleges that the transfer to Rose of $1,000,000, and subsequent purchase of Mark's interest in real property by titling it in Rose's name, was intended to obscure and obfuscate the proceeds from the sale of Sweet Shade from Inshad's reditors.

38. The Trustee alleges that the value to Inshad, and subsequently the estate, if the transfer were avoided is 50% of the received proceeds of the sale of Sweet Shade or $631,274.

39. The Trustee requests that the transfer on May 21, 2021 be avoided pursuant to 11 U.S.C. Sec. 544 and California Civil Code 3439.

## V.
## SECOND CAUSE OF ACTION
## AVOIDANCE OF A PREFERENTIAL TRANSFER

**11 U.S.C. Sec. 544(b)(1) and California Civil Code 3439(2)(a)**
**(AGAINST ALL DEFENDANTS)**

40. Plaintiff reasserts and re-alleges herein all prior statements by this reference.

41. Trustee alleges that even if there was no intention to defraud Inshad's creditors by the above claimed actions, the transfer effectively rendered Inshad insolvent, and constituted the majority of her assets.

42. The Trustee alleges that Inshad had no ability to engage in any further transactions or obligations after the transfer of Sweet Shade, and that any further debts incurred were incurred with no ability to pay back any significant portion of these obligations.

43. The Trustee requests that the transfer on May 21, 2021 be avoided pursuant to 11 U.S.C. Sec. 544 and California Civil Code 3439.

**VI.**
**THIRD CAUSE OF ACTION**
**RECOVERY OF TRANSFERS**
**11 U.S.C. Sec. 550**
**(ALL DEFENDANTS)**

44. Plaintiff reasserts and re-alleges herein all prior statements by this reference.

45. 11 U.S.C. Sec. 550 provides that the Trustee may recover transferred property avoided pursuant to 11 U.S.C. Sec. 544 from initial, immediate or mediate parties.

    **(a)** Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from-**(1)** the initial transferee of such transfer or the entity for whose benefit such transfer was made; or**(2)** any immediate or mediate transferee of such initial transferee.

    11 U.S.C. § 550

46. Trustee requests that to the extent the transfers are avoided, that both Mark, the immediate transferee, and/or Rose, the mediate transferee be found liable for the value of the transferred interest.

**COMPLAINT**

## VII.

## FOURTH CAUSE OF ACTION
## TURNOVER OF PROPERTY
## 11 U.S.C. Sec. 542
## (ALL DEFENDANTS)

47. Plaintiff reasserts and re-alleges herein all prior statements by this reference.

48. 11 U.S.C. Sec. 542 provides that:

>  (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

49. The Trustee requests turnover of the transfers, once avoided, pursuant to 11 U.S.C. Sec. 542.

## VIII.
## FIFTH CAUSE OF ACTION
## PRESERVATION OF AN AVOIDED TRANSFER
## 11 U.S.C. Sec. 551
## (ALL DEFENDANTS)

50. Plaintiff reasserts and re-alleges herein all prior statements by this reference.

51. 11 U.S.C. Sec. 551 provides

"Any transfer avoided under….section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.11 U.S.C. § 551" 11 U.S.C. § 551.

52. The Trustee requests that any transfer avoided by this court be preserved for he benefit of the estate.

## IX.

## PRAYER

Based upon the statements contained herein, Plaintiff requests:

8

**COMPLAINT**

a. For a court order avoiding the transfer that occurred on May 21, 2021;

b. For turnover of the cash proceeds from the sale of Sweet Shade or the value thereof to the estate in the amount of $631,274.50 as against Mark Kaller and Rose Anne Kaller;

c. For preservation of the transfer once avoided; and

d. For such other relief as appropriate.

Dated: November 3rd, 2024                    /S/ ANERIO V. ALTMAN, ESQ.
                                                 ANERIO V. ALTMAN, ESQ.
                                                 ATTORNEY FOR PLAINTIFF
                                                 JEFFREY GOLDEN

**COMPLAINT**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Chapter 7 Trustee Jeffrey Golden | **DEFENDANTS**<br>MARK KALLER;<br>ROSE ANNE KALLER |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Anerio V. Altman, Esq. #228445<br>Lake Forest Bankruptcy II, APC, 26632 Towne Centre Drive #300, Foothill Ranch, CA 92610; (949) 218-2002 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Recovery of property under 11 U.S.C. 542, 544, 550, 5516

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☑ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 631,274.50 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR  INSHAD KALLER | BANKRUPTCY CASE NO. 8:23-bk-11467-SC | | |
| DISTRICT IN WHICH CASE IS PENDING CENTRAL | DIVISION OFFICE SANTA ANA | NAME OF JUDGE CLARKSON | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE  11/3/2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  ANERIO V. ALTMAN, ESQ. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Anerio V. Altman, Esq. #228445<br>Lake Forest Bankruptcy II, APC<br>26632 Towne Centre Drive #300<br>Foothill Ranch, CA 92610<br>Phone and Fax: (949) 218-2002<br>avaesq@lakeforestbkoffice.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>INSHAD EGAP KALLER<br><br>Debtor(s). | CASE NO.: 8:23-bk-11467-SC<br>CHAPTER: 7<br>ADVERSARY NO.: |
|---|---|
| JEFFREY GOLDEN, CHAPTER 7 TRUSTEE<br><br>Plaintiff(s)<br>Versus<br>MARK KALLER, an individual; ROSE ANNE KALLER, an individual<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____   **Address:**
**Time:** _____                ☐ 255 East Temple Street, Los Angeles, CA 90012
**Courtroom:** _____           ☐ 3420 Twelfth Street, Riverside, CA 92501
                                   ☐ 411 West Fourth Street, Santa Ana, CA 92701
                                   ☐ 1415 State Street, Santa Barbara, CA 93101
                                   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*        Page 1        **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                              **KATHLEEN J. CAMPBELL**
                              **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                              By: _____
                                          Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|---|---|---|
| | | |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                Page 3                **F 7004-1.SUMMONS.ADV.PROC**