RICHARD G. HESTON, Bar No. 90738
HALLI B. HESTON, Bar No. 90737
HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, California 92612
(951) 290-2827 Voice
(949) 222-1043 Fax
rheston@hestonlaw.com

Attorneys for Defendants

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re; | Case No.: 8:23-bk-11467-SC |
| INSHAD EGAP KALLER | Adv No.: 8:24-ap-01143-SC |
| Debtor. | Chapter 7 |
| CHAPTER 7 TRUSTEE JEFFREY GOLDEN, Trustee, | **SECOND AMENDED ANSWER TO COMPLAINT FOR AVOIDANCE OF PREFERENTIAL TRANSFER, TURNOVER OF PROPERTY OF THE ESTATE, DETERMINATION OF LIABILITY OF TRANSFEREE ROSE KALLER FOR AVOIDED TRANSFER, AND PRESERVATION OF AVOIDED TRANSFER** |
| Plaintiff, | |
| v. | |
| MARK KALLER, an individual; ROSE KALLER, and individual, | Date:  February 11, 2025 |
| Defendants. | Time: 1:30 p.m. |
| | Ctrm: 5c |
| | Place: 411 West Fourth Street |
| | Santa Ana, CA 92701 |

COME NOW Defendants MARK KALLER (sometimes individually referred to as "MARK" and other times conjointly referred to as "Defendants") and ROSE KALLER (sometimes individually referred to as "ROSE" and other times conjointly referred to as "Defendants")[1],

---

[1] As Defendants Rose Kaller and Mark Kaller and Debtor Inshad Egap Kaller share a common surname, for purposes of clarity and to avoid confusion, Defendants are referred to herein by their given first names of Rose and Mark and the debtor simply as "Debtor". No disrespect is intended.

1

**HESTON & HESTON, Attorneys at Law**
19700 Fairchild Road, Suite 280
Irvine, California 92612
Telephone: (949) 222-1041
Fax: (949) 222-1043

answering the Complaint of JEFFREY GOLDEN, brought in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Debtor INSHAD EGAP KALLER ("Plaintiff"), admit, deny, and allege as follows:

1. Defendants admit the allegations of Paragraph 1 of the Complaint.

2. Defendants admit the allegations of Paragraph 2 of the Complaint.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

5. Defendants admit the allegations of Paragraph 5 of the Complaint.

6. Defendants admit the allegations of Paragraph 6 of the Complaint.

7. Defendants admit the allegations of Paragraph 7 of the Complaint.

8. Defendants lack information and belief sufficient to admit or deny the allegations of Paragraph 8 of the Complaint, and on that basis alone deny the same.

9. Defendants admit the allegations of Paragraph 9 of the Complaint.

10. Defendants admit the allegations of Paragraph 10 of the Complaint.

11. Defendants admit the allegations of Paragraph 11 of the Complaint averring that Defendant MARK transferred title to the property referred to in the Complaint as "Sweet Shade" to the Debtor in anticipation of securing a loan from Schools First Federal Credit Union in the amount of approximately $200,000, subsequently increased to an amount of approximately $350,000, but deny the remaining allegations of Paragraph 11 of the Complaint.

12. Since the date of the alleged transfer of Sweet Shade is not alleged, Defendants are unable to admit or deny the value averred in Paragraph 12 of the Complaint and deny the remaining allegations of Paragraph 12 of the Complaint.

2

**HESTON & HESTON, Attorneys at Law**
19700 Fairchild Road, Suite 280
Irvine, California 92612
Telephone: (949) 222-1041
Fax: (949) 222-1043

13. Defendants admit that for a period of time Defendant MARK made payments upon the encumbrances against Sweet Shade but deny the remaining allegations of Paragraph 13 of the Complaint.

14. Defendants admit the allegations of Paragraph 14 of the Complaint.

15. Defendants lack information and belief sufficient to admit or deny the allegations of Paragraph 15 of the Complaint, and on that basis alone deny the same.

16. Defendants admit the allegations of Paragraph 16 of the Complaint.

17. Defendants admit an appraisal was prepared by James Willard in conjunction with the proceeding for the dissolution of the marriage of Defendant MARK and the debtor but lack information or belief sufficient to admit or deny the remaining allegations of Paragraph 17 of the Complaint and on that basis alone deny the same.

18. Defendants admit the allegations of Paragraph 18 of the Complaint that a judgment of dissolution of the marriage of Defendant MARK and debtor was entered on May 7, 2021.

19. Defendants admit the debtor executed a deed transferring any interest she had in Sweet Shade to Defendant MARK on May 21, 2021

20. Defendants admit the allegations of Paragraph 20 of the Complaint.

21. Defendants admit the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants admit that Defendant ROSE purchased the property in Orange County, California and took title in her name, but deny the remaining allegations of Paragraph 24 of the Complaint.

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

3

HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, California 92612
Telephone: (949) 222-1041
Fax: (949) 222-1043

26. Defendants lack information or belief sufficient to admit or deny the allegations of Paragraph 26 of the Complaint, and on that basis alone deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint

28. Defendants lack information or belief sufficient to admit or deny the allegations of Paragraph 28 of the Complaint, and on that basis alone deny the allegations of Paragraph 28 of the Complaint.

29. Defendants refers to their admissions and denials with respect to Paragraphs 1 through 28 of the Complaint and reallege the same in response to Paragraph 29 of the Complaint as if fully set forth.

30. Defendants admit the allegations of Paragraph 30 of the Complaint.

31. Defendants admit the allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Defendants admit the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants lack information or belief sufficient to admit or deny the allegations of conjecture of Paragraph 38 of the Complaint, and on that basis alone deny the allegations of Paragraph 28 of the Complaint.

39. Defendants deny the allegations of Paragraph 36 of the Complaint.

4

40. Defendants refer to their admissions and denials with respect to Paragraphs 1 through 39 of the Complaint and reallege the same in response to Paragraph 40 of the Complaint as if fully set forth.

41. Defendants deny the allegations of Paragraph 41 of the Complaint.

42. Defendants lack information or belief sufficient to admit or deny the allegations of conjecture of Paragraph 42 of the Complaint, and on that basis alone deny the allegations of Paragraph 42 of the Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.

44. Defendants refer to their admissions and denials with respect to Paragraphs 1 through 43 of the Complaint and reallege the same in response to Paragraph 44 of the Complaint as if fully set forth.

45. Defendants admit the allegations of Paragraph 45 of the Complaint.

46. Defendants deny the allegations of Paragraph 26 of the Complaint.

47. Defendants refer to their admissions and denials with respect to Paragraphs 1 through 46 of the Complaint and reallege the same in response to Paragraph 47 of the Complaint as if fully set forth.

48. Defendants admit the allegations of Paragraph 48 of the Complaint.

49. Defendants deny the allegations of Paragraph 49 of the Complaint.

50. Defendants refer to their admissions and denials with respect to Paragraphs 1 through 49 of the Complaint and reallege the same in response to Paragraph 50 of the Complaint as if fully set forth.

51. Defendants admit the allegations of Paragraph 51 of the Complaint.

52. Defendants deny the allegations of Paragraph 52 of the Complaint.

### AFFIRMATIVE DEFENSES

HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, California 92612
Telephone: (949) 222-1041
Fax: (949) 222-1043

5

HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, California 92612
Telephone: (949) 222-1041
Fax: (949) 222-1043

Defendants' investigation of the facts alleged in the Complaint is ongoing and, accordingly, Defendants reserves the right to assert additional affirmative defenses in the future. In asserting the following defenses, Defendants does not intend to suggest that matters designated herein as "defenses" are not elements of Plaintiff's prima facie case on any of the Plaintiff's purported claims or that they are not matters as to which Plaintiff bears the burden of proof. These defenses are set forth cumulatively and in the alternative. Notwithstanding the foregoing, Defendants states the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE

1. **Failure to State a Claim for Relief**: The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. **Laches**: The Complaint is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

3. **Fair Consideration or Value Given**: The Complaint is barred because the alleged transfer of the Sweet Shade Property was made in exchange for reasonably equivalent value or fair consideration.

### FOURTH AFFIRMATIVE DEFENSE

4. **Good Faith Transferees**: The Complaint is barred because Defendants are good faith transferees and provided fair and reasonable value in exchange for the alleged transfer of the Sweet Shade Property.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enter judgment for Defendants and against Plaintiff as follows:

1. Determining the extent of the respective interests of Defendants and the Trustee in the Sweet Shade Property under California law.

5. Determining that the Trustee may not require the turnover or sale of Defendants' interests in the Suite Shade Property.

6. Awarding Defendants the costs of suit incurred herein, including attorneys' fees and costs of suit as provided by applicable case law, statute, and/or agreement of the parties.

7. Granting such other and further relief as the Court may deem just and proper under the circumstances of the case.

Dated: 12/28/2024

HESTON & HESTON
Attorneys at Law


/s/ Richard G. Heston
By: RICHARD G. HESTON
Attorneys for Defendants

**HESTON & HESTON, Attorneys at Law**
19700 Fairchild Road, Suite 280
Irvine, California 92612
Telephone: (949) 222-1041
Fax: (949) 222-1043

7